Caruthers, J.
delivered the opinion of the Court.
*420 This is a scire facias on a forfeited recognizance, to which the demurrer of defendant was sustained, and appeal to this Court by the State.
The entry upon the minutes of Haywood Circuit Court at the March Term, 1857, which embraces this recognizance is in the following words:
“ State of Tennessee c Hance R. Quinby. Murder
“This day appeared the Attorney General and the defendant in proper person, and this cause is continued for want of time to try said cause, and thereupon came defendant, and also comes with defendant, Susan Quinby, and both of whom acknowledged themselves indebted to the State of Tennessee, as follows, viz.: the said defendant in the sum of five thousand dollars, and the said ■Susan Quinby in the sum of five thousand dollars to be levied,” &c. “But to be void if the said defendant makes his personal appearance at the court house in the town of Brownsville, in the county of Haywood, ■State of Tennessee, on the second Monday in July next; then and there to answer the State of Tennessee •upon a bill of indictment for murder, and not depart without leave of the Court first had and obtained.”
At the July Term of the Circuit Court in Brownsville, on' the 15th day of the month, the defendant failing to attend, a forfeiture was taken upon the recognizance, and judgment nisi was entered, and this sci. fa. issued.
It is insisted that no judgment can be properly rendered against the defendant on this recognizance, because it • does not appear on the face of the recognizance itself *421 or elsewhere, before wbat Court or tribunal the defendant was recognized to appear. True, it does not, in so many words. But be is to appear at the court bouse in Brownsville, Haywood county, Tennessee, on tbe second Monday in July next, to answer a charge of murder and “not depart without leave of the Court.” The place and time of appearance, and the object of that appearance, viz.: to answer a charge of murder are all expressed. All this makes it as certain, that he was to appear at a Circuit Court to be held at that, time in that place as if it had been so expressed in words. It would require a great strain of legal rules and common sense to save the defendant from her liability, and by that give impunity to crime, and favor the escape of offenders. This is not the policy of the law, nor inclination of the Courts at this day.
Here was a voluntary obligation entered into without ambiguity or uncertainty as to its import and meaning. It was certain to every intent, and not capable of misconstruction. The only objection is that it did not state that the appearance was to be “before the Judge,” &c., or in a Court, then and there to be held. But the recognizance must be all taken together, and it says to answer a charge of murder on the day and place designated, and not to depart without leave of the Court. It would be the merest technicality to hold - that this is not equivalent to the words required , by the objection. The argument for the defendant is very ingenious and plausible on this point, but not sound, as we think. The case of Grigsby vs. The State, 6 Yerger, is very analagous to this, but not precisely the same in. its facts. In that case the recognizance bound the defend *422 ant to “make Ms persoral appearance here,” on a day fixed,"- but no place was designated, as in tMs case. _ Neither the place nor the Court was named in that case; but here the place and time are fixed, and from that place the defendant was not to depart without leave of the Court; and at that time and place he was to answer the State on a charge of murder, which was in the same entry that continued the case' over to the time fixed for the appearance.
But whether a distinction between the two cases can be successfully made or not, we are now acting under a different dispensation 'on these questions. In addition to the constantly increasing inclination of the Courts to avoid these judicial pardons of offenders upon dry technicalities, without reference to merits, the Legislature by their act of 1852, ch. 254, abolished the distinction between statutory and common law bonds and recognizances, and provided that the latter should be equiva-lant to the former. Here there is an obligation of record entered into with the State, to the effect that upon the condition that the State will release the defendant in the case from custody, under charge of murder, she, (the security,) will pay a penalty of five thousand dollars, in the event he fails to appear at the place designated, on the day named to answer the charge. Now, whether there was a Court there on that day or not, was it not a perfect common law obligation ? If so, then it was a good statutory obligation, if these terms will apply to to such a case.
The judgment for the demurrer must be reversed, and the judgment against the defendant be made final upon the scire facias.